
FILED
OCT 3 1 2019
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW U.D. STRAW, )
)
Plaintiff, )
) Civil Action No. 1:19-cv-02862 (UNA)
)
UNITED STATES, )
)
Defendant. )

### MEMORANDUM OPINION

On September 23, 2019, the United States District Court for the Southern District of West Virginia transferred this matter to this court. ECF No. 8. This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). Plaintiff has also filed three other pending motions. The court will grant the IFP application and dismiss the complaint for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a prolific filer in this court and others, is proceeding *pro se*. He sues the United States and brings a singular claim, namely, he alleges that his First Amendment rights were violated by the National Council on Disability ("NCD"). More specifically, plaintiff alleges that he "emailed discussing disability rights violations to [NCD][,]" but his emails were "deleted without being read at all." He seeks $1 million in compensatory and punitive damages. He also requests injunctive relief, asking the court to order NCD to "analyze all of [his] email messages and write a public report on their topics and place it in on the NCD website . . ." providing him with a personal blog. He also seeks an order declaring that "when a civil rights leader writes a

1

government agency, that person has a right to have the email or letter be included in the archives of the agency and so available under the FOIA."

First, the United States possesses sovereign immunity from suit against itself or one of its agencies for money damages, except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). Such consent, moreover, must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Plaintiff here has neither pleaded nor established that the government has expressly consented to damages suits for constitutional violations; therefore, subject matter jurisdiction is lacking.

To the extent that plaintiff requests equitable relief, he has failed to state a claim. The First Amendment protects against infringement of the freedoms of religion, speech, the press, assembly, and to petition. U.S. Const. amend. I. Plaintiff pleads nothing to implicate those freedoms, but instead simply states the bare conclusion that his First Amendment rights have been violated. Plaintiff has neither alleged facts nor provided authority supporting an inference that the government restrained his speech, based on the current allegations. Plaintiff has also failed to establish that he is entitled to any of the relief he seeks. Therefore, he has failed to state a claim.

Accordingly, this case is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii). His and motion for service of summons and complaint, motion for pacer access and CM/ECF, and motion for notice of financial situation, are all denied as moot. A separate order accompanies this memorandum opinion.

Date: October 31, 2019

CHRISTOPHER R. COOPER
United States District Judge